**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JESSIE BLAKE, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )     No. 4:07-CV-1473 CAS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Jessie Blake's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") (Doc. 1). The government filed a response (Doc. 6) to the Motion to Vacate. The movant was granted an extension of time to file a reply, but did not file a reply and the time to do so has passed. For the reasons discussed below, the Court concludes that the three grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing. Movant's assertions concerning whether he asked his attorney to file a notice of appeal cannot be conclusively determined based on the motion, however, and the Court will conduct an evidentiary hearing on that issue alone.

**Background**.

On March 3, 2006, a criminal complaint was filed charging movant with possession with the intent to distribute in excess of five (5) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Federal Public Defender's Office was appointed to represent movant. In May 2006, the parties reached a plea agreement under which movant would plead guilty to the charge against him. Movant

pleaded guilty as charged before the Court on May 30, 2006, pursuant to a written Plea Agreement, Guidelines Recommendations and Stipulation ("Plea Agreement").

The Plea Agreement states in part that movant was fully satisfied with the representation he received from his attorney, and that movant had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement dated May 30, 2006 at 13, Doc. 24 in <u>United States v. Blake</u>, Case No. 4:06-CR-169 CAS (E.D. Mo.)). The Plea Agreement also states that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Plea Agreement at 13).

Movant waived his right to file an appeal with respect to non-jurisdictional issues. (<u>Id.</u> at 3). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (<u>Id.</u> at 4).

On August 17, 2006, the Court sentenced movant to 84 months imprisonment and four years supervised release. No direct appeal was filed. On April 3, 2008, the Court granted movant's motion for retroactive application of the sentencing guidelines to a crack cocaine offense under 18 U.S.C. § 3582(c)(2), amended the judgment and reduced movant's sentence to 70 months imprisonment and four years supervised release.

In the § 2255 motion now before the Court, movant asserts three grounds. Ground One asserts "ineffective assistance of counsel sixth amendment constitutional violation," and the supporting facts listed are "see memorandum, and brief in support." Ground Two asserts "abuse of discretion failure to grant a downward departure for acceptance of responsibility" and the supporting

facts listed are "see memorandum and brief in support." Ground Three asserts "sixth amendment constitutional violation incorrect application of statutory provision," and the supporting facts listed are "see memorandum and brief in support." Movant did not file a memorandum or brief in support of his grounds at any time.

Although not listed as a ground for relief, movant also states in the Motion to Vacate, "None of these grounds were raised due to counsel abandoning the issues and appeals in this matter." Mot. to Vacate, ¶ 13. Elsewhere on the form Motion to Vacate, in response to the statement, "If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not," movant states: "Counsel of record decline[d] to take any appeal in this matter and was requested to do so." Mot. to Vacate, ¶ 11(d).

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

3

statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

In its response memorandum, the government states that movant cannot establish his counsel was ineffective, and that movant has made only vague and conclusory allegations and does not offer any citations to the record or other support for his allegations. Consequently, the government asserts that the Court should dismiss movant's claims as conclusory and lacking the sufficiency necessary to state a claim for relief, citing Hollis v. United States, 796 F.2d 1043, 1046 (8th Cir.) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), cert. denied, 479 U.S. 965 (1986); and Smith v. United States, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). The government does not specifically address movant's assertions concerning his attorney's alleged failure to file a notice of appeal.

**A. Grounds One, Two and Three**.

The Court is mindful that pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519 (1972); Stringer v. St. James R-1 School District, 446 F.3d 799, 802 (8th Cir. 2006), but pro se pleadings "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The principle of liberal construction will not save a movant's pleading if it is based on conclusory or non-specific factual allegations. See, e.g., Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985); Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir. 1985) (rule of liberal construction failed to save a broad and conclusory pro se pleading).

4

The Eighth Circuit has stated it will not consider issues or grounds for relief that were not actually alleged in a prisoner's habeas petition. Bracken v. Dormire, 247 F.3d 699, 702 (8th Cir. 2001). The Court of Appeals has cautioned district courts to be similarly mindful "to adjudicate on the merits only those claims that the prisoner properly raises and to avoid those issues that have not been properly raised." Id. The instant case is not one in which the movant has inartfully raised factual issues that implicate legal propositions he could not reasonably be held responsible for articulating. See White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976) (per curiam) (finding pro se petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief."). Instead, movant has merely asserted conclusions rather than statements of fact and, as such, his allegations cannot be accepted as true. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

Movant is not entitled to an evidentiary hearing based only on conclusory allegations unsupported by specifics. See Sanders v. United States, 341 F.3d at 722; Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996). As a result, Grounds One, Two and Three listed in the Motion to Vacate will be summarily denied.

**B. Notice of Appeal.**

As stated above, movant also asserts that counsel "was requested" to file a notice of appeal but declined to do so. Mot. to Vacate, ¶ 11(d). "An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 1:05-CV-99 ERW, 2006 WL 1300672, at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id. (citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992)).

"The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000). For such a claim to succeed, however, movant must show that he instructed his counsel to file an appeal. Id. "A bare assertion by the petitioner that [ ]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182; see also Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam).

Movant's filings offer no sworn factual statement for his bare assertion that the attorney "was requested" to file an appeal. The Motion to Vacate omits any mention of the factual circumstances surrounding movant's desire for an appeal. The critical question is whether movant specifically asked his lawyer to file a notice of appeal. If movant did ask for an appeal, his lawyer violated his Sixth Amendment rights by failing to complete the "ministerial task" of filing a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

Upon consideration of the foregoing, the Court will hold an evidentiary hearing in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of movant's counsel. See Crutcher v. United States, 2 F. App'x 658 (8th Cir. 2001).

**Conclusion**

For the foregoing reasons, movant's claims in Grounds One, Two and Three are denied. The Court will hold an evidentiary hearing to determine the facts relating to the movant's claim that his counsel failed to file a notice of appeal.

Accordingly,

**IT IS HEREBY ORDERED** that movant Jessie Blake's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED in part** and **held in abeyance in part**; said Motion is **DENIED** with respect to the claims asserted in Grounds One, Two and Three, and **held in abeyance** pending an evidentiary hearing with respect to movant's assertion that counsel failed to file a notice of appeal. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing to determine the facts relating to the alleged failure to file a notice of appeal on the part of movant's counsel.

**IT IS FURTHER ORDERED** that attorney Ms. Carter Collins Law of Law & Schriener, LLC, 141 N. Meramec Avenue, Suite 314, St. Louis, Missouri 63104, telephone number (314) 721-7095, is appointed to represent Jessie Blake at the evidentiary hearing concerning the alleged failure of movant's prior counsel to file a notice of appeal. The Clerk of the Court shall provide movant's appointed counsel with a complete copy of the Court file.

**IT IS FURTHER ORDERED** that the presence and participation of Jessie Blake, Inmate #32891-044, is required for the evidentiary hearing, which will be held before this Court on Tuesday, **December 2, 2008**, at 9:30 a.m. in Courtroom No. 12-N.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant from FCI Greenville, in Greenville, Illinois, to this Court, to attend this hearing.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the dismissed claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An appropriate partial judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2008.